1  Michael J. Barsi, Esq. (SBN 159970)
   Law Office of Michael J. Barsi
2  9011 Soquel Drive, Suite B
   P.O. Box 1721
3  Aptos, CA 95001-1721
   Telephone:(831) 685-2900
4  Facsimile: (831) 685-2905

5  Attorney for Plaintiff KATHLEEN MOORE

# Filed

JAN 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

6

7              UNITED STATE DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9  KATHLEEN MOORE                    )   Case No. C 07-06409 PVT
                                     )
10              Plaintiff,           )   **NOTICE OF MOTION TO REMAND**
                                     )   **CASE TO STATE COURT**
11                                   )
   vs.                               )
12                                   )
                                     )
13 TARGET CORPORATION                )
   Does 1 through 50, inclusive      )   Judge:       Patricia V. Trumbull
14                                   )   Courtroom:   5
                Defendants.          )   Date:        April 8, 2008
15                                   )   Time:        10:00 a.m.

16    **TO ALL PARTIES AND THEIR ATTORNEYS' OF RECORD INCLUDING BUT**

17  **NOT LIMITED TO:** Gail C. Trabish, Esq. BOORNAZIAN, JENSEN & GARTHE, A Professional

18  Corporation, 555 12th Street, Suit 1800, Oakland, California, 946-4-2925.

19     **PLEASE TAKE NOTICE** that on April 8, 2008, at 10:00a.m., in Courtroom 5, or as soon

20  thereafter as counsel may be heard, Plaintiff will move the Court at: 280 South First Street, San Jose,

21  California, for an Order Remanding the above-entitled cause from the United States District Court of

22  the Northern District of California to the Superior Court of the State of California, County of Santa

23  Cruz from which it was removed on or about December 19, 2007, pursuant to the Defendant's

24  Notice of Removal. The grounds for Plaintiff's Notice of Motion for Remand and costs is based

25  upon the fact that the amount in controversy does not exceed the sum of $75,000.00, exclusive of

26  interest and cost as required pursuant to the provisions of 28 U.S.C. §1332(a)

27

28  **Dated: January 17, 2008**

Michael J. Barsi, Attorney for
Plaintiff, Kathleen Moore

1

Michael J. Barsi, Esq. (SBN 159970)
Law Office of Michael J. Barsi
9011 Soquel Drive, Suite B
P.O. Box 1721
Aptos, CA 95001-1721
Telephone:(831) 685-2900
Facsimile: (831) 685-2905

Attorney for Plaintiff KATHLEEN MOORE

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KATHLEEN MOORE | ) | Case No. C 07-06409 PVT |
| | ) | |
|         Plaintiff, | ) | **MOTION TO REMAND** |
| | ) | **AND FOR COSTS ON** |
| | ) | **THE GROUNDS OF LACK OF** |
| vs. | ) | **SUBJECT MATTER JURISDICTION** |
| | ) | |
| | ) | |
| TARGET CORPORATION | ) | |
| Does 1 through 50, inclusive | ) | Judge:      Patricia V. Trumbull |
| | ) | Courtroom:  5 |
|         Defendants. | ) | Date:       April 8, 2008 |
| | ) | Time:      10:00 a.m. |
| | ) | |

1

# Table of Contents

2

3    Motion to Remand and for Costs

4    Memorandum of Point and Authorities in Support of Motion

5

6    I.    Issues to be decided
         1) Whether this Court has Federal question jurisdiction?
7         2) Whether to award Plaintiffs their costs, including attorney fees, incurred in the removal?

8    II..    Facts.

9

10   III.    Legal Standard.

·11   IV.    Costs and Fees are Requested on Remand.

12

13   Conclusion.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Table of Authorities**

**Cases**

*Balcorta v. Twentieth-Century-Fox Film Corp.,*
        208 F.3d 1102, 1106, n.2 (9th Cir. 2000)

*Dead Kennedys v. Biafra,*
        46 F.Supp.2d 1028, 1030 (N.D. Cal. 1999)

*Emrich v. Touche Ross & Co.,*
        846 F.2d 1190, 1195 (9th Cir. 1988)

*Moore v. Permanente Medical Group, Inc.,*
        981 F.2d 443, 446 (9th Cir.1992)

*Prize Frize, Inc v. Matrix Inc.*
        167 F3d 1261, 1265(9thCir.1999)

*Shamrock Oil & Gas Corp. v. Sheets,*
        313 U.S. 100, 108-109 (1941)

**Statues**

28 U.S.C. §1332(a)

28 U.S.C. §1441(a)

28 U.S.C. §1447(c)

**Memorandum of Points and Authorities in Support of**

**Plaintiffs' Motion for Remand and Costs.**

Plaintiff, Kathleen Moore, for her authority in support of her Motion to Remand this cause to the Superior Court of the State of California, County of Santa Cruz, submits the following:

**I.    Issues to be decided.**

    1)    Whether this Court has Federal question jurisdiction?

    2)    Whether to award plaintiff her costs, including attorney fees, incurred as a result of the removal?

**II.    Facts.**

On June 29, 2007, a civil action was commenced in the Santa Cruz County Superior Court, of the State of California as an Unlimited Jurisdiction case action in excess of $25,000.00), by *Kathleen Moore against Defendant Target Corporation, aka Target Stores*, being Action No. CV 157464. In said complaint, plaintiff alleges damages arising out of a trip and fall incident outside a Target store in Watsonville, Santa Cruz County California. A true and correct copy of the complaint is attached hereto and marked as **Exhibit A**.

Defendant TARGET was served with a copy of said Complaint on November 19, 2007. A true and correct copy of the Proof of Service is attached hereto as **Exhibit B**.

This Court does not have subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), based upon the fact that the amount in controversy does not exceed the sum of $75,000.00, exclusive of interest and costs. Based upon a review of the plaintiff's complaint on page 1, attached hereto as **Exhibit A** it clearly states that the "ACTION IS AN UNLIMITED CIVIL CASE (an action which exceeds $25,000.00)." Defendants contention that the amount in controversy exceeds $75,000.00 is not supported by the boiler plate language of plaintiff's complaint. In fact, Plaintiff, Kathleen Moore has executed a Declaration under penalty of perjury stating that her damages in the

1

state civil case removed by Defendants from State Court does not exceed the sum of $75,000.00, exclusive of interest and costs. Please see Plaintiff, Kathleen Moore's Declaration, a true and correct copy is attached hereto as **Exhibit C**.

## III.  Legal Standard

As a general rule, an action is removable to a federal court if it might have been brought there originally 28 U.S.C. §§ 1441(a). Because removal ousts a state court of jurisdiction, "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the (removal) statue has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statue is strictly construed against removal jurisdiction. See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "*Prize Frize, Inc v. Matrix Inc.* 167 F3d 1261, 1265(9thCir.1999). Pursuant to 28 U.S.C. § 1332(a) the amount in controversy must exceed $75,000.00. That section provides as follows:

"**(a)**    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00,
**(1)**    citizens of different States;
**(2)**    citizens of a State and citizens or subjects of a foreign state;
**(3)**    citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
**(4)**    a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizen of a State or of different States."

In the instant case, Plaintiff, Kathleen Moore has stated in her Declaration, a true and correct copy of which is attached to this Motion as **Exhibit C**, that she is seeking damages in her state civil action against defendants, which will not exceed $75,000.00, exclusive of interest and costs. Accordingly, as previously stated, this case should be remanded back to the Santa Cruz County, California Superior Court pursuant to 28 U.S.C. § 1447 (c) which provides as follows:

1
2
3
4
5

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

6
7
8
9
10

It is clear from the Declaration of Plaintiff Kathleen Moore that this case does not exceed the required jurisdictional requirements of the Federal Court and should be remanded to the Santa Cruz County Superior Court.

11
12
13

**Costs and Fees are Requested on Remand**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The removal of this case to federal court calls for payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal under 28 U.S.C. §§ 1447 (c); see *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443,446 (9th Cir.1992). In exercising its discretion to award costs and attorney's fees, the Court should consider whether removal was improper, looking both at the nature of the removal and of the remand. See *id.* The purpose of an award is not to punish the removing party but instead reimburse the party who sought remand for litigation costs incurred as a result of unnecessary removal. See *id.* at 447. The availability of costs and attorney's fees replaces the former requirement of posting of a bond; however, it serves the same purpose–to discourage improper removal. *Dead Kennedys v. Biafra*, 46 F.Supp.2d 1028, 1030 (N.D. Cal. 1999). Even if the Court's discretion when the removal was "fairly supportable" an award of costs and fees is within the Court's discretion when the removal was "wrong as a matter of law." *Balcorta v. Twentieth-Century-Fox Film Corp.*, 208 F.3d 1102, 1106, n.2 (9th Cir. 2000).

3

Removal was improper and reimbursement of expenses is appropriate in this case. Bad faith need not be shown under 28 U.S.C. § 1332 (a), but even if it were, an award of cost and fees would be justified in this case. Removal of this case was clearly sought solely for purposes of harassment and delay.

### Conclusion

For the foregoing reasons and due to the lack of jurisdiction pursuant to 28 U.S.C. § 1332 (a) this case should be remanded back to the Santa Cruz County Superior Court and Plaintiff should be awarded just costs and actual expenses.

Dated: 1/17/08

LAW OFFICE OF MICHAEL J. BARSI

MICHAEL J. BARSI
Attorney for Plaintiff
Kathleen Moore

4

1  MICHAEL J. BARSI, ESQ.
   State Bar # 159970
2  9011 Soquel Drive, Suite B
   P.O. Box 1721
3  Aptos, CA 95001-1721
   Telephone:(831) 685-2900
4  Fax: (831) 685-2905

5  Attorney for Plaintiff, Kathleen Moore

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10 KATHLEEN MOORE                    )    Case No.: C 07-06409 PVT
                                     )
11              Plaintiff,           )    DECLARATION OF
                                     )    MICHAEL J. BARSI
12                                   )
                                     )
13 vs.                               )
                                     )
14 TARGET CORPORATION                )
   Does 1 through 50, inclusive      )    Judge:      Patricia V. Trumbull
15                                   )    Courtroom:  5
                Defendants.          )    Date:       April 8, 2008
16 _____  )    Time:       10:00 a.m.

17

18            I, MICHAEL J. BARSI hereby declare as follows:

19     1)   I am the attorney for Plaintiff, Kathleen Moore in this case.

20     2)   I am duly admitted to practice before all of the Courts of the State of California and

21          the United States District Court, Northern District of California.

22     3)   My hourly rate is Three Hundred Dollars ($300.00) and I expended four (4) hours in

23          the preparation of this Notice of Motion to Remand, and the accompanying Points and

24          Authorities and Declarations in support of the Motion.

25     4)   It is expected that I will spend an additional two (2) hours in the preparation and

26          attendance of the hearing of the Motion.

27     5)   I am therefore requesting the total sum of One Thousand and Eight Hundred Dollars

28          ($1,800.00) as and for my attorney's fees and costs as a result of the preparation and

            filing of this Motion.

1

2       I declare under penalty of perjury under the laws of the State of California and the laws of the

3   United States of America that the foregoing is true and correct.

4

5       Executed on January 18, 2007, at Aptos, California.

6

7

8   Dated: January 18, 2007                    By: _____
                                                   MICHAEL J. BARSI
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Michael J. Barsi

2

# EXHIBIT "A"

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, _ ,_ bar number, and address)*:
Michael J. Barsi, Esq.    SBN 159970
9011 Soquel Drive, Suite B
Aptos, California 95003

TELEPHONE NO. (831) 685-2900    FAX NO. *(Optional)* (831 685-2905)

E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff Kathleen Moore
SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Cruz
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS: 701 Ocean Street
CITY AND ZIP CODE: Santa Cruz, California 95060
BRANCH NAME:

**F I L E D**

JUN 2 9 2007

ALEX CALVO, CLERK
BY JUDI CLARK
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF: Kathleen Moore

DEFENDANT: Target Corporation

[X] DOES 1 TO 50

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number)*:
Type *(check all that apply)*:
[ ] MOTOR VEHICLE    [X] OTHER *(specify)*:  Premises Liability
  [ ] Property Damage    [ ] Wrongful Death
  [X] Personal Injury    [ ] Other Damages *(specify)*:

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [ ] does not exceed $10,000
                    [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
157464

1.  Plaintiff *(name or names)*: Kathleen Moore

    alleges causes of action against defendant *(name or names)*: Target Corporation and Does 1 To 50

2.  This pleading, including attachments and exhibits, consists of the following number of pages:
3.  Each plaintiff named above is a competent adult
    a. [ ] except plaintiff *(name)*:
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe)*:
        (3) [ ] a public entity *(describe)*:
        (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify)*:
        (5) [ ] other *(specify)*:

    b. [ ] except plaintiff *(name)*:
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe)*:
        (3) [ ] a public entity *(describe)*:
        (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify)*:
        (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]    Martin Dean's ESSENTIAL FORMS ™    COMPLAINT—Personal Injury, Property
Damage, Wrongful Death    Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Moore, Kathleen

SE NUMBER:

SHORT TITLE:
Moore v. Target Corporation

4. ☐ Plaintiff *(name)* :
    is doing business under the fictitious name *(specify)* :

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
    a. ☒ **except defendant** *(name)* :
        **Target Corporation**
        (1) ☒ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe)* :

        (4) ☐ a public entity *(describe)* :

        (5) ☐ other *(specify)* :

    c. ☐ **except defendant** *(name)* :
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe)* :

        (4) ☐ a public entity *(describe)* :

        (5) ☐ other *(specify)* :

    b. ☐ **except defendant** *(name)* :
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe)* :

        (4) ☐ a public entity *(describe)* :

        (5) ☐ other *(specify)* :

    d. ☐ **except defendant** *(name)* :
        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe)* :

        (4) ☐ a public entity *(describe)* :

        (5) ☐ other *(specify)* :

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
    a. ☒ Doe defendants *(specify Doe numbers)*: 1 to 30 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
    b. ☒ Doe defendants *(specify Doe numbers)*: 31 to 50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
    a. ☐ at least one defendant now resides in its jurisdictional area.
    b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
    c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
    d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ has complied with applicable claims statutes, or
    b. ☐ is excused from complying because *(specify)*:

Martin Dean's
ESSENTIAL FORMS™

**COMPLAINT-Personal Injury, Property
Damage, Wrongful Death**

Moore, Kathleen

SHORT TITLE:                                                          SE NUMBER:
Moore v. Target Corporation

10.  The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other (specify):

11.  Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage (specify):
        According to proof.

12.  ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13.  The relief sought in this complaint is within the jurisdiction of this court.
     The injuries to plaintiff occurred in Watsonville, Santa Cruz County, California  within the jurisdiction o
     this court.

14.  Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15.  ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date: June 29, 2007

Michael J. Barsi
_____                    ▶ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Moore v. Target Corporation | |

**CAUSE OF ACTION- Premises Liability**     Page __Four__

__ONE__
(number)

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

**Prem.L-1.** Plaintiff *(name)*: **Kathleen Moore**
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*: **July 4, 2005**                        plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury)*:
Plaintiff Kathleen Moore was injured on July 4, 2005 when she stepped onto a defective sidewalk and walkway at the entry to Target located in Watsonville, California. Defendants, and each of them, and their agents and employees, jointly and severally, negligently and carelessley constructed, built, maintained, managed and controlled the premises and made it available to the general public. Defendants, and each of them, and their agents and employees, jointly and severally, knew or should have known of the dangerous condition of the sidewalk and walkway and that such dangerous condition was likly to result in serious injury to members of the general public. As a result of the dangerous and defective condition of the premises, Plaintiff has suffered serious and permanent personal injuries  including but not limited to injury to her her left foot and ankle,  right and left knee,  left wrist, left hand, left and right shoulders and arms, left elbow and neck. Surgical procedures have been conducted to  repair her left ankle and extensive medical treatment has been necessary and treatment is ongoing.

**Prem.L-2.**    ☒ **Count One-Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:
**Target Corporation and**
☒ Does __1__ to __40__

**Prem.L-3.**    ☒ **Count Two-Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names)*: **Target Corporation and**
☒ Does __1__ to __40__
Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

**Prem.L-4.**    ☒ **Count Three-Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names)*:
**Target Corporation**
☒ Does __1__ to __40__
a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. ☐ The condition was created by employees of the defendant public entity.

**Prem.L-5.** a. ☒ **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:
☒ Does __1__ to __40__
b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are ☐ described in attachment Prem.L-5.b  ☐ as follows *(names)*:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
ESSENTIAL FORMS™

**CAUSE OF ACTION - Premises Liability**

Code of Procedure § 425.12
www.courtinfo.ca.gov

**Moore, Kathleen**

SHORT TITLE:                                                      SE NUMBER:

Moore v. Target Corporation

**CAUSE OF ACTION- General Negligence**    Page __Five__

__TWO__
(number)

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Kathleen Moore

alleges that defendant *(name)*:  Target Corporation

[X] Does    1    to    50

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:  July 4, 2005
at *(place)*:  Target located at 1415 Main Street, Watsonville, California.

*(description of reasons for liability)* :
Plaintiff Kathleen Moore was injured on July 4, 2005 when she stepped onto a defective
sidewalk and walkway at the entry to Target store located in Watsonville, Santa Cruz County,
California. Defendants, and each of them, and their agents and employees, jointly and
serverally, negligently and carelessly constructed, built, maintained, managed and controlled
the premises and made it available to the general public. Defendants, and each of them and
their agents and employees, jointly and severally, knew or should have known of the
dangerous conditions of the sidewalk and walkway and that such dangerous conditions was
likely to result in serious injury to members of the general public. As a result of the dangerous
and defective condition of the premises, Plaintiff has suffered serious and permanent
personal injuries including, but not limited to injury to her left foot and ankle, right and left
knee, left wrist, left hand, left and right shoulders and arms, left elbow and neck. Surgical
procedures have been conducted to repair her left ankle and extensive medical treatment
has been necessary and treatment is ongoing.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

*Martin Dean's*
ESSENTIAL FORMS™

**CAUSE OF ACTION- General Negligence**

Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

Moore, Kathleen

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**
701 Ocean Street
Santa Cruz, CA, 95060

PLAINTIFF:   KATHLEEN MOORE

DEFENDANT: TARGET CORPORATION

CASE MANAGEMENT INFORMATION AND SETTING

*For Court Use Only*

F I L E D

JUN 2 9 2007

ALEX CALVO, CLERK
BY JUDI CLARK
DEPUTY, SANTA CRUZ COUNTY

CASE NO:
**CISCV157464**

This case is in Santa Cruz County's Case Management Program.  It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants.  Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

<u>ATTENTION DEFENDANT:</u>  YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT. THE DATE BELOW <u>DOES NOT EXTEND</u> THE TIME TO FILE A RESPONSE.  SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.

The first Case Management Conference hearing date is:

Date: 10/29/07          Time: 8:29          Department No.:   9

*Telephonic court appearances are provided through CourtCall to the court.  To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.  DO NOT CALL THE COURT.*

CMC

# THE LAWYER'S PLEDGE

In order to raise the standards of civility and professionalism among counsel and between the Bench and the Bar, I hereby pledge the following:

1.  To at all times comply with the California Rules of Professional Conduct;
2.  To honor all commitments;
3.  To be candid in all dealings with the court and counsel;
4.  To uphold the integrity of our system of justice and not compromise personal integrity for the sake of a client, case or cause;
5.  To seek to accomplish the client's legitimate goals by the most efficient and economical methods possible;
6.  To act in a professional manner at all times, to be guided by a fundamental sense of fair play in all dealings with counsel and the court, and to be courteous and respectful to the court;
7.  To be on time;
8.  To be prepared for all court appearances - to be familiar with all applicable court rules;
9.  To adhere to the time deadlines set by statute, rule, or order;
10. To avoid visual displays of pique in response to rulings by the court;
11. To discourage and decline to participate in litigation or tactics that are without merit or are designed primarily to harass or drain the financial resources of the opposing party;
12. To avoid any communications with the judge concerning a pending case unless the opposing party or lawyer is present, or unless permitted by court rules or otherwise authorized by law;
13. To refrain from impugning the integrity of the judicial system, its proceedings, or its members;
14. To treat all court personnel with the utmost civility and professonalism;
15. To remember that conflicts with opposing counsel are professional and not personal - vigorous advocacy is not inconsistent with professional courtesy;
16. To refrain from derogatory statements or discriminatory conduct on the basis of race, religion, gender, sexual orientation or other personal characteristic;
17. To treat adverse witnesses and litigants with fairness and due consideration;
18. To conduct discovery proceedings as if a judicial officer were present;
19. To meet and confer with opposing counsel in a genuine attempt to resolve procedural and discovery matters;
20. To not use discovery to harass the opposition or for any other improper purpose;
21. To not arbitrarily or unreasonably withhold consent to a just and reasonable request for cooperation or accommodation;
22. To not attribute to an opponent a position not clearly taken by that opponent;
23. To avoid unnecessary "confirming" letters and to be scrupulously accurate when making any written confirmation of conversations or events;
24. To not propose any stipulation in the presence of the trier of fact unless previously agreed to by the opponent;
25. To not interrupt the opponent's legal argument;
26. To address opposing counsel, when in court, only through the court;
27. To not seek sanctions against or disqualification of another lawyer to attain a tactical advantage or for any other improper purpose;
28. To not schedule the service of papers to deliberately inconvenience opposing counsel;
29. To refrain, except in extraordinary circumstances, from using the fax machine to demand immediate responses for opposing counsel.

EXHIBIT "B"

California Declaration (corporate service)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>**MICHAEL J. BARSI**<br>**MICHAEL J. BARSI**<br>**9011 SOQUEL DR., SUITE B APTOS CA** | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: **831-685-2900**    FAX NO. *(Optional)*:

EMAIL ADDRESS *(Optional)*: **BARSILAW@AOL.COM**

ATTORNEY FOR *(Name)*: **MOORE**

**F I L E D**

**DEC 1 8 2007**

ALEX CALVO, CLERK
BY STEPHEN CARLTON
DEPUTY, SANTA CRUZ COUNTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ

STREET ADDRESS: **701 Ocean Street, Room 110**

MAILING ADDRESS:

CITY AND ZIP CODE: **Santa Cruz 95060**

BRANCH NAME: **Santa Cruz Main Courthouse**

PLAINTIFF/PETITIONER: **MOORE**

DEFENDANT/RESPONDENT: **TARGET CORPORATION**

CASE NUMBER: **CV157464**

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: **N/A**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents)*:
   **Summons; Complaint; Case Management Information and Setting**

3. a. Party served *(specify name of party as shown on documents served)*:
   **TARGET CORPORATION**
   b. [ **X** ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Margaret Wilson, REGISTERED AGENT, A white female approx. 45-55 years of age 5'4"-5'6" in height weighing 140 lbs with gray hair**

4. Address where the party was served:
   **C. T. CORPORATION, 818 W 7TH Street, LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*
   a. [ **X** ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date)*: **11/19/2007**   (2) at *(time)*: **3:10 PM**
   b. [   ] **by substituted service.** On *(date)*:   (2) at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      (1) [   ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [   ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [   ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or [   ] a declaration of mailing is attached.
      (5) [   ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Code of Civil Procedure, § 417.10

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Order No. 4954267 VNY



| PLAINTIFF/PETITIONER: **MOORE** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **TARGET CORPORATION** | **CV157464** |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date):*    (2) from *(city):*
    (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)
    (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

    [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [  ] as an individual defendant.

b. [  ] as the person sued under the fictitious name of *(specify):*

c. [  ] as occupant

d. [ **X** ] On behalf of *(specify):* TARGET CORPORATION
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ X ] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other |

7. **Person who served papers**
  a. Name:    **Mario Lopez**
  b. Address:    **241 S. FIGUEROA STREET, SUITE 370, LOS ANGELES, CA 90012**
  c. Telephone number:    **213-621-9999**
  d. The fee for service was:    **$120.00**
  e. I am:
    (1) [  ] not a registered California process server.
    (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ **X** ] registered California process server:
        (i) [  ] owner  [  ] employee  [ **X** ] independant contractor
        (ii) [ **X** ] Registration No.:  **5143**
        (iii) [ **X** ] County:    **Los Angeles**

8. [ **X** ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **11/27/2007**

    **Mario Lopez**
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Order No. 4954267 VNY

https://www.abclegal.com/agents/proofs/california.asp?ord=4954267&typ=corporate&ttl...    11/27/2007

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
TARGET CORPORATION AND DOES 1 TO 50

F I L E D

JUN 2 9 2007

ALEX CALVO, CLERK
BY JUDI CLARK
DEPUTY, SANTA CRUZ COUNTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
KATHLEEN MOORE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*:<br>Santa Cruz County Superior Court<br>701 Ocean Street<br>Santa Cruz, California 95060 | CASE NUMBER:<br>*(Número del Caso)*:<br>CV157464 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Michael J. Barsi, Esq.   (831) 685-2900
9011 Soquel Drive, Suite B
Aptos, California 95003

DATE: **JUN 2 9 2007**     ALEX CALVO Clerk, by     **JUDI CLARK** , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

[SEAL]

3. ☐ on behalf of *(specify)* :

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]<br>*Martin Dean's Essential Forms* ™ | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

EXHIBIT "C"

1   MICHAEL J. BARSI, ESQ.
    State Bar # 159970
2   9011 Soquel Drive, Suite B
    P.O. Box 1721
3   Aptos, CA 95001-1721
    Telephone:(831) 685-2900
4   Fax: (831) 685-2905

5   Attorney for Plaintiff, Kathleen Moore

6

7                UNITED STATE DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10  KATHLEEN MOORE                    )    Case No.: C 07-06409 PVT
                                      )
11              Plaintiff,            )    DECLARATION OF PLAINTIFF
                                      )    KATHLEEN MOORE
12                                    )
                                      )
13  vs.                               )
                                      )
14  TARGET CORPORATION                )
    Does 1 through 50, inclusive      )    Judge:        Patricia V. Trumbull
15                                    )    Courtroom:    5
                Defendants.           )    Date:         April 8, 2008
16  _____    )    Time:         10:00 a.m.

17

18
              I, KATHLEEN MOORE, hereby Declare as follows:
19
        1)      I am the Plaintiff in an action filed on June 29, 2007, in the Santa Cruz County
20
    Superior Court, Unlimited Jurisdiction (Action exceeds $25,000.00), of the State of California,
21
    entitled *Kathleen Moore v. Target Corporation and Does 1-50, inclusive* Action No. CV 157464.
22
    The complaint for my damages arises out of a trip and fall incident outside a Target store in
23
    Watsonville, Santa Cruz County, California.
24
        2)      Defendant TARGET was served with a State Court Summons and Complaint on
25
    November 19, 2007. Thereafter, defendant TARGET filed a Petition to Remove my State Court
26
    action to this Court based upon Diversity and Subject Matter Jurisdiction.
27
        3)      I will not be seeking damages exceeding the sum of $75,000.00, exclusive of interest
28

    Declaration of Kathleen Moore                                              1

1 | and costs, in the civil action filed by me in State Court action entitled *Kathleen Moore v. Target*
2 | *Corporation and Does 1-50, inclusive* Santa Cruz County, California Superior Court Action No. CV
3 | 157464. Accordingly, this case should not have been transferred to Federal Court pursuant to the
4 | provisions of 28 U.S.C. § 1332 (a) **and should be remanded back to the Superior Court of**
5 | **California, County of Santa Cruz.**
6 |
7 |       I declare under penalty of perjury under the laws of the State of California and the laws of the
8 | United States of America that the foregoing is true and correct.
9 |
10 |       Executed on January 17, 2007, at Aptos, California.
11 |
12 |
13 | Dated: January 17, 2007               By: *Kathleen Moore*
                                      KATHLEEN MOORE, Plaintiff

Declaration of Kathleen Moore                                                        2

1  Re: Case C 07-06409 PVT

2

3  PROOF OF SERVICE VIA FEDERAL EXPRESS - OVERNIGHT

STATE OF CALIFORNIA, COUNTY OF SANTA CRUZ

4

5       I am a citizen of the United States. My business address is 9011 Soquel Drive, Suite B, Aptos, California. I am employed in the County of Santa Cruz where this mailing occurs. I am over the age of 18 years and not a party to the within cause.  On January 18, 2008, I

6  served the foregoing document(s) described as:

7  **NOTICE OF MOTION TO REMAND CASE TO STATE COURT, POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND AND FOR COSTS ON THE**

8  **GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION, EXHIBITS "A", "B", AND "C", DECLARATION OF PLAINTIFF KATHLEEN MOORE AND DECLARATION**

9  **OF MICHAEL J. BARSI**

10

11  on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

12

13  Gail C. Trabish, Esq.
BOORNAZIAN, JENSEN, & GARTHE
A Professional Corporation

14  555 12th Street, Suite 1800
Oakland, CA 94604-2925

15

16  [X] (FEDERAL EXPRESS - OVERNIGHT NEXT DAY DELIVERY)  I caused such envelope(s) to be delivered by placing a true and correct copy thereof enclosed in a

17  sealed Federal Express pick up box located in Soquel, California, addressed as set forth above.

18

19  [ ] (BY PERSONAL SERVICE)  I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

20  [ ] (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22  [X] (FEDERAL) I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

23  I declare under penalty of perjury under the laws of the state of California and the laws of the United States of America that the foregoing is true and correct and this Declaration

24  was executed on January 18, 2008 at Aptos, California.

25

26                                 SANDRA J. VANNI

27

28